KAYE SCHOLER LLP
Richard G. Smolev (RS-2222)
Howard Kleinhendler (HK-5712)
425 Park Avenue
New York, NY 10022
*Attorneys for the Official Committee
of Unsecured Creditors of TL
Administration Corp., et al.*

Hearing Date: May 12, 2004
Time: 10:00 a.m.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| TL ADMINISTRATION CORPORATION, *et al.*, | Case No. 03-15564 (CB) |
| | (Jointly Administered) |
| Debtors. | |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TL ADMINISTRATION CORPORATION, (f/k/a TWINLAB CORPORATION) on behalf of the ESTATE OF TL ADMINISTRATION CORPORATION, | Adversary Proceeding No. 04-02334 (CB) |
| Plaintiffs, | |
| v. | |
| BRIAN BLECHMAN, ROBIN BLECHMAN, DEAN BLECHMAN, SHARON BLECHMAN, NEIL BLECHMAN, HELENA BLECHMAN, ROSS BLECHMAN, LINDA BLECHMAN, STEVE BLECHMAN, ELYSE BLECHMAN, JOHN DANHAKL, LEONARD SCHUTZMAN, JONATHAN SOKOLOFF and WILLIAM U. WESTERFIELD, | |
| Defendants. | |

| | |
|---|---|
| BRIAN BLECHMAN, ROBIN BLECHMAN, DEAN BLECHMAN, SHARON BLECHMAN, NEIL BLECHMAN, HELENA BLECHMAN, STEVE BLECHMAN, ELYSE BLECHMAN, ROSS BLECHMAN, LINDA BLECHMAN, : : : : | |
| Plaintiffs, : | Adv. Pro. No. 04-2323 (CB)) |
| v. : | |
| TL ADMINISTRATION CORP. (f/k/a TWINLAB CORPORATION, INC.) AND TL ADMINISTRATION, INC. (f/k/a TWIN LABORATORIES, INC.), : : : | (Procedurally Consolidated) |
| Defendants. : | |

**RESPONSE BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TL ADMINISTRATION CORPORATION TO (A) JOINT MOTION OF BRIAN, DEAN, NEIL, STEVE, ROSS, ELYSE, HELENA, LINDA, ROBIN & SHARON BLECHMAN TO DISMISS MULTIPLE COUNTS OF THE COMPLAINT (B) TO THE MOTIONS OF JONATHAN SOKOLOFF, JOHN DANHAKL, WILLIAM WESTERFIELD AND LEONARD SCHUTZMAN TO DISMISS CERTAIN COUNTS OF THE COMPLAINT AND, (C) TO THE MOTION FOR PARTIAL SUMMARY JUDGMENT BY ELYSE, HELENA, LINDA, ROBIN & SHARON BLECHMAN**

The Official Committee of Unsecured Creditors of TL Administration Corporation, *et al.* (the "Committee"), on behalf of the Estates of TL Administration Corporation, *et al.*, hereby responds to the motion by Steve, Neil, Dean, Brian and Ross Blechman ("the Blechmans") and their wives, Elyse, Helena, Linda, Robin and Sharon Blechman (the "Wives") to dismiss portions of the Committee's complaint filed on February 13, 2004 (the "Complaint"), under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and to the motions by defendants John Danhakl, Jonathan Sokoloff, William Westerfield and Leonard Schutzman (the

2

"Other Directors") to dismiss portions of the Complaint under Fed. R. Civ. P. 12(b)(6), and to the motion by the Wives for partial summary judgment (in Adv. Pro. No. 04-2323 (CB)) under Bankruptcy Rule 7056, all of which were filed on April 15, 2004.

### Briefing on the Pending Motions Has Been Adjourned By Consent

1. On February 13, 2004, the Committee filed a fifteen-count complaint seeking to subordinate the alleged secured claims of the Blechmans and Wives against the Debtors' estates based on a reimbursement agreement and pledge of assets (called the "Reimbursement Agreement") granted to them by the Debtors in return for their backing of a $15 million letter of credit in April 2001 (the "L/C") in favor of the Debtors' senior lender, CIT Business Group, Inc. ("CIT"). Additionally, the Committee alleged that the Blechmans and the Other Directors violated their fiduciary duties to the Debtors and their creditors and tortiously deepened the Company's insolvency. Finally, the Complaint alleged various causes of action for avoidance of certain transfers from the Debtors to the Blechmans and Wives.

2. On April 15, 2004, the Blechmans and Wives moved to dismiss all but one of the 15 claims for relief in the Complaint, based in part on challenges to the Committee's standing to bring certain claims, failure to plead fraud with particularity, and other arguments. Messrs. Danhakl and Sokoloff moved to dismiss the two counts in the Complaint asserted against them—breach of fiduciary duty and deepening insolvency—under Fed. R. Civ. P. 12(b)(6). Messrs. Westerfield and Schutzman moved to dismiss the claim against them for breach of fiduciary duty under Rule 12(b)(6). The motion by Messrs. Westerfield and Schutzman is returnable on June 16, 2004.

3

3. On April 15, 2004, the Wives moved for partial summary judgment in their companion adversary proceeding (Adv. Pro. No. 04-2323), seeking a declaration and judgment that they are entitled to payment under the Reimbursement Agreement as subrogees to the claims of the Debtors' former senior secured lender, CIT.

4. On May 3, 2004, Committee counsel informed counsel for the Blechmans, Wives and Other Directors that it intended to file an amended complaint under Rule 15(a) of the Federal Rules of Civil Procedure. All counsel agreed to 1) adjourn the Committee's time to respond to the above motions, and 2) arrive at a briefing schedule for further motion practice against the amended complaint.

## The Committee Has Filed An Amended Complaint

5. On May 7, 2004, the Committee filed an amended complaint (the "Amended Complaint"). The Amended Complaint asserts twenty claims for relief. It also adds "*et al.*" to the caption after the debtor "TL Administration Corporation (f/k/a Twinlab Corporation)", thereby correcting an unintentional omission in the original complaint. The Blechmans and Wives argued that this error prevented the Committee from asserting claims on behalf of all the Debtors' estates, including TL Administration, Inc. (f/k/a Twin Laboratories, Inc.) ("TLI") and TL Administration (UK), Ltd. (f/k/a Twin Laboratories (UK), Ltd.).

6. Additionally, the indenture trustee, U.S. Bank National Association (the "Trustee"), under that certain indenture, dated May 7, 1996, governing the issuance by TLI of $100,000,000 10.25% Senior Subordinated Notes due 2006 (the "Indenture"), has been joined as a plaintiff. The Trustee seeks to subordinate the claims of the Blechmans and Wives under the

4

Reimbursement Agreement based upon breaches of the Indenture and the doctrine of equitable subordination.

7. Because none of the defendants answered the Committee's original Complaint, having elected instead to file motions to dismiss, the Committee may amend its complaint as of right, without leave of court, under Fed. R. Civ. P. 15(a).[1] The amendment is not limited to asserting new claims. Under Rule 15(a), the Committee may also add parties to the action.[2]

8. Once an amended complaint is filed, the prior pleading is a nullity[3] Thus, to the extent the motions to dismiss by the Blechmans, Wives and Other Directors, and the

---

[1] Rule 15(a) provides: "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." A motion to dismiss does not constitute a "responsive pleading" within the meaning of this rule. *Barbara v. New York Stock Exch.*, 99 F.3d 49, 56 (2d Cir. 1996).

[2] *See Washington v. New York City Bd. of Estimate*, 709 F.2d 792, 795 (2d Cir. 1983) ("Since the Board did not answer the complaint until August 26, 1981, Washington was entitled on May 14, 1981 to amend his complaint [and add two defendants] as a matter of right . . . ."); *Clarke v. Fonix Corp.*, 1999 U.S. Dist. LEXIS 2143, at *21-22 (S.D.N.Y. Mar. 1, 1999) (rejecting argument that, to add parties, plaintiff must obtain leave of court pursuant to FRCP Rule 21; holding that parties may be added as a matter of right under Rule 15(a)), *aff'd*, 199 F.3d 1321 (2d Cir. 1999); 6 Charles A. Wright et al., *Federal Practice and Procedure* § 1479, at 571 (2d ed. 1990) ("[A]ny attempt to change parties by amendment before the time to amend as of course has expired should be governed by the first sentence of Rule 15(a) and may be made without leave of court").

[3] "[A] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies." 6 Charles A. Wright et al., *Federal Practice and Procedure* § 1476, at 556 (2d ed. 1990); *see also Miller v. Am. Exp. Lines, Inc.*, 313 F.2d 218, 218 (2d Cir. 1963) (reversing grant of summary judgment dismissing original complaint holding that where "court did not have the amended complaint before it, its ruling dismissed a complaint that had already been withdrawn and the judgment was a nullity"); *Shakur v. R.I. Dep't of Corr.*, 2001 WL 1018340, at *1 (D.R.I. July 12, 2001) ("Once plaintiff filed with the Court his Amended Complaint, the Amended Complaint superseded the original complaint and rendered the original complaint of no legal effect").

summary judgment motion by the Wives, raise arguments that are not related to the Amended Complaint, those arguments are moot.[4]

9. Accordingly, the Committee respectfully requests that the Court adjourn its consideration of the pending motions until counsel for all parties have had an opportunity to agree on a briefing schedule for any motions the defendants may bring relating to the Amended Complaint.

Dated: New York, New York
May 7, 2004

KAYE SCHOLER LLP

By: /s/ Richard G. Smolev

Richard G. Smolev (RS-2222)
Howard Kleinhendler (HK-5712)

425 Park Avenue
New York, NY 10022-3598
Tel.: (212) 836-8000
Fax: (212) 836-8689

*Attorneys for the Official Committee
of Unsecured Creditors of
TL Administration Corporation, et al. on
behalf of the Estates of TL Administration
Corp., et al.*

---

[4] *See De Jesus Baltierra v. W. Va. Bd. of Med.*, 253 F. Supp. 2d 9, 14 (D.D.C. 2003) ("The . . . defendants filed a motion to dismiss the original complaint for . . . failure to state a claim on which relief can be granted . . . . This motion became moot when plaintiff filed her First Amended Complaint and therefore will be denied").

30884313.DOC